UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:23 CR 475 SEP (JSD) |
| FREDRICK McKINNON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Government's Motion for Pretrial Detention. (ECF No. 10). The Court held a detention hearing on September 25, 2023. After considering all of the evidence in this case, the Government's request for pretrial detention is denied.

## BACKGROUND

Mr. McKinnon is charged with conspiracy to distribute and possess with the intent to distribute controlled substances, including methamphetamine, and distribution of over five grams of methamphetamine. (ECF No. 1). The Government seeks pretrial detention pursuant to 18 U.S.C. §§ 3141-3142 of the Bail Reform Act. The Government notes these charges carry a presumption in favor of detention and allege Mr. McKinnon poses serious risks of danger to the community and failure to appear in court.

The United States Pretrial Services Office prepared a Bail Report for the Court's consideration. (ECF No. 16). The Court adopts the factual statements in the Bail Report as part of the record for the detention issue. Mr. McKinnon is 57 years old and has lived the past fourteen years in St. Louis. He lives with his long-time girlfriend in a single family home in Chesterfield. Mr. McKinnon owns his own welding business and has worked there for many years. He is a high school graduate and attended some college courses at Arkansas State University. He is financially stable, suffers from no physical or mental health problems, and has

no criminal history. Mr. McKinnon smokes marijuana weekly, but he does not have a substance abuse problem with any more serious narcotic drugs. Mr. McKinnon does not have a history of failing to appear in court.

The Government alleges that between March of 2021 and June of 2022, Mr. McKinnon participated in cross-country methamphetamine trafficking using a vehicle with a secret trap compartment. Mr. McKinnon allegedly distributed methamphetamine to a DEA confidential source. The Government acknowledges Mr. McKinnon voluntarily surrendered himself to the United States Marshals Service on September 25, 2023, after learning of the indictment.

## **DISCUSSION**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance[.]" *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (emphasis original; quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)).

The Bail Reform Act requires the Court to consider a number of factors, the first of which includes the nature and circumstances of the offense charged. § 3142(g)(1). The charges against Mr. McKinnon create a presumption of detention. The charges against Mr. McKinnon are

also very serious, but the Bail Reform Act preserves his presumption of innocence. § 3142(j). The Court also considers the weight of the evidence, which is strong.

The Court takes into account Mr. McKinnon's history and personal characteristics, including:

> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.

§ 3142(g)(3)(A).

Mr. McKinnon has strong family and community ties in the St. Louis region. He has owned his own business for many years, maintains his own home, and is financially stable. He does not have a valid passport, but he previously traveled outside the United States on a passport which is now expired. He has no criminal history and does not have a history of failing to appear in court. Mr. McKinnon has a history of using marijuana.

The Court finds Mr. McKinnon has successfully rebutted the presumption in favor of detention. The Court will impose conditions of release which preclude Mr. McKinnon from using or possessing any controlled substances and possessing any weapons. He will be subjected to drug testing and substance abuse counseling. The Court will limit his travel to the Eastern District of Missouri. He must surrender his expired passport and may not acquire a new passport. He will be prohibited from contacting any of the co-defendants or any other witnesses or victims in this case.

The Court must consider the nature and seriousness of the danger which would be posed by Mr. McKinnon's release. The Court is mindful of the seriousness of the charges against Mr. McKinnon, but believes these strict conditions of release will reasonably assure his appearance in court and the safety of the community. Finally, the Court may inquire as to the source of the

funds used to post Mr. McKinnon's bail. However, the Court sees no need to make such an inquiry as the Court will release Mr. McKinnon on his own recognizance.

The Court has carefully considered the Government's motion for detention. After considering all of these matters, the Court will release Mr. McKinnon on a set of conditions which will reasonably assure his appearance and the safety of the community. With these conditions in place, the Court does not find by a preponderance of the evidence that there is a serious risk Mr. McKinnon will not appear as required. Nor does the Court find by clear and convincing evidence that there is a serious risk he will endanger the safety of another person or the community.

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Detention, ECF No. 10, is DENIED.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of September, 2023.